IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Nicole F. Thomas, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| Federal Express Corporation Short Term Disability Plan, | ) ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable Court as follows:

I.

Plaintiff is a citizen and resident of Liberty, South Carolina.

II.

Defendant is a self-funded benefit plan organized and existing pursuant to ERISA 29 U.S.C. §1132(d) which have plan participants in and significant ties to Liberty, South Carolina.

III.

In this matter, Plaintiff seeks short term disability benefits under an ERISA plan pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question. Defendant is subject to jurisdiction in this court because it has more than minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)), and a number of the events transpiring during the review of Plaintiff's claim occurred in this forum.

IV.

Until April 2022, Plaintiff was employed with Federal Express Corporation and as an employee of Federal Express Corporation, Plaintiff was provided with short term disability coverage via the Defendant plan which is fully funded by Federal Express Corporation.

V.

Plaintiff became disabled because of certain problems from which she suffered, Plaintiff was forced to cease working and she filed a claim for short term disability benefits.

VI.

Defendant denied Plaintiff's claim.  Plaintiff appealed the denial and fully exhausted administrative remedies, but Defendant has failed and refused to provide additional benefits.

VII.

The claim fiduciary of the short term disability plan made its claim decision to deny Plaintiff's disability claim while operating under a conflict of interest which significantly influenced the Defendant to deny Plaintiff's claim.  The decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process.  Instead, the decision was reached by it ignoring relevant evidence pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert opinions.

## FOR A FIRST CAUSE OF ACTION

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion*

*v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the short term disability benefits which she seeks under the terms of the plan.  In the event that the court reviews the record and/or other relevant information and determines that the Defendants abused their discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.  Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award her attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated her complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the short term disability benefits she seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

Date: <u>December 9, 2022</u>

s/ Nathaniel W. Bax<br>
Nathaniel W. Bax, Esq.<br>
Federal Bar #:  09835<br>
**FOSTER LAW FIRM, LLC**<br>
PO Box 2123<br>
Greenville, SC 29602<br>
(864) 242-6200<br>
(864) 233-0290 (facsimile)<br>
E-mail:  nbax@fosterfoster.com<br>
Attorneys for Plaintiff